FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2007 NOV -6 PM 1:14
CLERK R. Auth
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

ROBERT L. CLARK, III,

    Plaintiff,

v.

CIVIL ACTION NO.: CV207-109

GLYNN COUNTY POLICE
DEPARTMENT; GLYNN COUNTY
POLICE DEPARTMENT - NARCOTICS
DIVISION; GLYNN COUNTY
MAGISTRATE JUDGE TIM BARTON,
and AMANDA WILLIAMS, Glynn County
Superior Court Judge,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently being detained at the Glynn County Detention Center in Brunswick, Georgia, filed an action pursuant to 42 U.S.C. § 1983. A detainee proceeding against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion thereof that is frivolous, malicious, fails to state a claim upon

which relief may be granted, or seeks monetary damages from a defendant who is immune to such relief. 28 U.S.C. § 1915A (b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff asserts the Glynn County Police Department approached him outside of his apartment and demanded identification and proof of residency without probable cause and in the absence of the commission of a crime. Plaintiff alleges the Glynn County Police Department conducted an illegal search and illegally seized $742.00 from him because the officer claimed that Plaintiff had a misdemeanor amount of marijuana on his person. Plaintiff contends he was given an unreasonable and excessive bond, even though he had an established Glynn County residence and did not have a prior felony record. Plaintiff also contends he was in jail for five (5) days and released because there was no arrest warrant; however, Plaintiff further contends, he was

arrested again for the same charge. Plaintiff avers he was bound over at his preliminary hearing without the judge viewing both sides of the evidence.

Plaintiff names as Defendants the Glynn County Police Department and the Narcotics Division of the Glynn County Police Department. While local governments qualify as "persons" to whom section 1983 applies, Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663, 98 S. Ct. 2018, 2022, 56 L. Ed. 2d 611 (1978); Parker v. Williams, 862 F.2d 1471, 1477 (11th Cir. 1989), police departments, as mere arms of such governments, are not generally considered legal entities subject to suit. See Grech v. Clayton County, Ga., 335 F.3d 1326, 1343 (11th Cir. 2003). Accordingly, Plaintiff cannot state a claim against the Glynn County Police Department or the Narcotics Division of the Glynn County Police Department, as the Glynn County Police Department (including divisions) is merely the vehicle through which the county governs and is not a proper party defendant. See Shelby v. City of Atlanta, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984). Thus, the Glynn County Police Department and the Narcotics Division of the Glynn County Police Department are not proper Defendants in this case.

Plaintiff also names as Defendants Magistrate Judge Tim Barton and Superior Court Judge Amanda Williams. Congress did not abrogate the doctrine of judicial immunity when it enacted section 1983. Judicial immunity is an absolute immunity, and it applies even when a judge acts maliciously. Stump v. Sparkman, 435 U.S. 349, 356, 98 S. Ct. 1099, 1104, 55 L. Ed. 2d 331 (1978) (holding judicial immunity doctrine applies in § 1983 actions); Harris v. Deveaux, 780 F.2d 911, 914 (11th Cir. 1986). Absolute immunity not only protects against liability but also against a case going to trial at all. Harris, 780 F.2d at 914 (citing Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S. Ct. 2806,

2815, 86 L. Ed. 2d 411 (1985)). To determine whether a judge is entitled to absolute immunity from money damages under section 1983, a two-part test was established in Stump: 1) whether the judge dealt with the plaintiff in a judicial capacity; and 2) whether the judge acted in the "clear absence of all jurisdiction." Id. (quoting Stump, 435 U.S. at 357, 98 S. Ct. at 1105). The second prong of this test is "only satisfied if a judge completely lacks subject matter jurisdiction." Id. at 916. Plaintiff has failed to make any allegations which would indicate Defendants Barton or Williams acted in the clear absence of jurisdiction. Accordingly, Plaintiff cannot sustain his claims against Defendants Barton and Williams.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** for failure to state a claim upon which relief may be granted.

**SO REPORTED** and **RECOMMENDED**, this 6th day of November, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)

4